"O"   JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 09-0367 AG (MLGx) | Date | June 12, 2009 |
|---|---|---|---|
| Title | EL VEASTA LAMPLEY v. DEUTSCHE NATIONAL TRUST COMPANY, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING MOTION TO DISMISS

Defendant Deutsche Bank National Trust Co. ("Defendant") has filed a Motion to Dismiss ("Motion"). The Court finds this matter appropriate for decision without oral argument, and the hearing on the Motion currently scheduled for June 15, 2009, is VACATED. *See* Fed. R. Civ. P. 78. Because the Court finds that this action is barred by res judicata, Defendant's Motion is GRANTED without leave to amend.

## PRELIMINARY MATTER

To support its Motion, Defendant requests that the Court take judicial notice of seven documents: (1) a Deed of Trust, recorded on December 6, 2005, in the Official Records of Los Angeles County, California; (2) an assignment of the Deed of Trust, recorded on September 27, 2007, in the Official Records of Los Angeles County, California; (3) a Proof of Claim filed in Plaintiff's Chapter 11 bankruptcy case; (4) a printout from the U.S. Party/Case Index showing all actions commenced by Plaintiff El Veasta Lampley ("Plaintiff") in any United States Bankruptcy Court since December 28, 2006; (5) a

"O"     JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0367 AG (MLGx) | Date | June 12, 2009 |
|---|---|---|---|
| Title | EL VEASTA LAMPLEY v. DEUTSCHE NATIONAL TRUST COMPANY, et al. | | |

United States Bankruptcy Court docket for Plaintiff's October 2, 2008 adversary proceeding; (6) a United States Bankruptcy Court docket for Plaintiff's November 18, 2008 adversary proceeding; and (7) a United States Bankruptcy Court docket for Plaintiff's February 25, 2009 adversary proceeding.

Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Facts subject to judicial notice may be considered on a motion to dismiss. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court finds that the documents Defendant provides meet the requirements of Rule 201, and Defendant's request for judicial notice is GRANTED as to those seven documents.


**BACKGROUND**

In 2005, Plaintiff obtained a loan from New Century Mortgage to finance the purchase of property in Lancaster, California. (Request for Judicial Notice ("RJN") Ex. 1.) The beneficial interest in that loan was subsequently transferred to Defendant as Trustee. (RJN Ex. 2.) Plaintiff alleges that when negotiating the loan, she was steered toward an adjustable-rate loan because she is African-American and female, despite the fact that she qualified for a more favorable fixed-rate loan. Plaintiff also alleges that an account executive at New Century Mortgage falsely promised her that she would be able to refinance the loan after two years. (Compl. 16:5-7.) In 2006, Plaintiff fell behind on her loan payments.

Plaintiff filed a voluntary bankruptcy petition on December 28, 2006, and another on August 8, 2007. (RJN Ex. 4.) On January 31, 2008, Plaintiff filed a third bankruptcy petition. (*Id.*) On October 2, 2008, Plaintiff filed an adversary action against Defendant alleging violations of the Truth in Lending Act and the Competitive Equality Banking

"O" JS - 6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0367 AG (MLGx) | Date | June 12, 2009 |
|---|---|---|---|
| Title | EL VEASTA LAMPLEY v. DEUTSCHE NATIONAL TRUST COMPANY, et al. | | |

Act. (RJN Ex. 5.) On October 14, 2008, Plaintiff filed a First Amended Complaint in that action. (*Id.*) The bankruptcy court granted Defendant's motion to dismiss the First Amended Complaint, finding that Plaintiff failed to state a claim for which relief could be granted. (*Id.*) On January 20, 2009, Plaintiff filed a Second Amended Complaint in that action, asserting violations of the Equal Credit Opportunity Act ("ECOA"), the Fair Housing Act ("FHA"), and the Civil Rights Act of 1866 ("CRA"). On March 26, 2009, the bankruptcy court granted Defendant's motion to dismiss the Second Amended Complaint with prejudice.

While her first adversary proceeding was pending, Plaintiff filed a second adversary proceeding against Defendant on November 18, 2008. (RJN Ex. 6.) On January 20, 2009, Plaintiff filed a First Amended Complaint in that action, again alleging violations of the ECOA, FHA, and CRA. On January 22, 2009, the bankruptcy court granted Defendant's motion to dismiss the First Amended Complaint with prejudice.

Plaintiff then filed a third adversary proceeding against Defendant. (RJN Ex. 7.) The complaint was identical to the one filed in the previous suits, alleging violations of the ECOA, FHA, and CRA. Defendant filed a motion to dismiss the complaint on March 20, 2009. That case has been transferred from the bankruptcy court to this Court, and the motion to dismiss is pending.

On March 26, 2009, Plaintiff filed this lawsuit, which appears to bring claims against Defendant for violations of the ECOA, FHA, CRA, and the Home Owner Equity Protection Act ("HOEPA"). Defendant argues, among other things, that this case is barred by res judicata.

This litigation history evidences that Plaintiff at least has an itchy trigger finger in commencing judicial proceedings in different forums to forestall economic threats.

"O" JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0367 AG (MLGx) | Date | June 12, 2009 |
|---|---|---|---|
| Title | EL VEASTA LAMPLEY v. DEUTSCHE NATIONAL TRUST COMPANY, et al. | | |

## ANALYSIS

Res judicata, also known as "claim preclusion," bars claims that were the subject of a prior judgment between the parties or their privities concerning the same transaction, event, or occurrence. *See Mir v. Little Company of Mary Hospital*, 844 F.2d 646, 651 (9th Cir. 1988). Res judicata operates to bar claims where: (1) the prior and present lawsuits involve identical claims; (2) there was a final judgment on the merits of the first lawsuit; and (3) there is privity between the two parties in both lawsuits. *Frank v. United Airlines*, 216 F.3d 845, 850 (9th Cir. 2000).

Here, the Court agrees with Defendant that Plaintiff's action is barred by res judicata. This suit involves claims identical to those brought before the Bankruptcy Court, and the Bankruptcy Court made final judgments on the merits of those cases. All three cases involve the same parties.

### 1.      IDENTICAL CLAIMS

In determining whether claims are "identical" for the purposes of res judicata, courts consider: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same "transactional nucleus of facts." *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 555 (9th Cir. 2003); *see also Mir*, 844 F.2d at 651. "An action that merely alleges new facts in support of a claim that has gone to judgment in a previous litigation will be subject to claim preclusion." *Gospel Missions*, 328 F.3d at 558.

Here, after reviewing the pleadings in this case and the previous adversary proceedings, the Court is convinced that the cases involve identical claims. All three actions center on the loan Plaintiff obtained to buy her property in Lancaster, California, in 2005. In all

"O"  JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0367 AG (MLGx) | Date | June 12, 2009 |
|---|---|---|---|
| Title | EL VEASTA LAMPLEY v. DEUTSCHE NATIONAL TRUST COMPANY, et al. | | |

actions, Plaintiff is alleging that her civil rights were violated because of racial discrimination at the time her loan was originated. All cases arise out of the same "transactional nucleus of facts," and undoubtedly involve substantially the same evidence. Defendant's right to maintain its interest in the Deed of Trust and foreclose on Plaintiff's property is almost certainly being impaired by prosecution of this action.

## 2.     FINAL JUDGMENT ON THE MERITS

A "final judgment" is an adjudication on the merits and includes orders granting dismissals for failure to state a claim and dismissals for failure to prosecute. *Cook v. Peter Kiewt Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985) (dismissal for failure to state a claim an adjudication on the merits); *Ocwen v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (dismissal for failure to prosecute is an adjudication on the merits). Here, Plaintiff's adversary proceedings were both dismissed with prejudice, and these dismissals constitute final judgments on the merits.

## 3.     PRIVITY OF PARTIES

"Privity" of parties exists where parties are "so closely aligned in interest that one is the virtual representative of the other." *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993). Here, Plaintiff has slightly varied the name of the defendant in each case. Her first suit was directed at Barclays Capital Real Estate Inc. DBA HomEq Servicing, as servicer for Secured Creditor Deutsche Bank National Trust Company as Trustee under Pooling and Servicing Agreement dated as of April 1, 2006 Morgan Stanley ABS Capital I Inc. Trust 2006-NC3 Mortgage Pass Through Certificates, Series 2006 NC3, the assignees and successors. Her second suit was directed at Deutsche Bank National Trust Company as Trustee under Pooling and Servicing Agreement dated as of April 1, 2006 Morgan Stanley ABS Capital I Inc. Trust 2006-NC3 Mortgage Pass Through Certificate, Series 2006 NC3, the assignees and successors. Plaintiff's third suit named as defendant Morgan Stanley ABS Capital I Inc. Trust 2006-NC3 Mortgage Pass Through Certificates, Series 2006 NC3, the assignees and successors. This suit names Deutsche Bank National

"O"  JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0367 AG (MLGx) | Date | June 12, 2009 |
|---|---|---|---|
| Title | EL VEASTA LAMPLEY v. DEUTSCHE NATIONAL TRUST COMPANY, et al. | | |

Trust Co. as Trustee under Pooling and Servicing Agreement dated April 1, 2006 Morgan Stanley ABS Cap.I. Inc. Trust 2006 NC3 Mortgage Pass-Through Certificates, Series 2006 NC3, the assignees and successors.

The subject of each of the suits is Plaintiff's property in Lancaster, California, and the events surrounding the origination of the loan Plaintiff obtained to buy the property in 2005. In each suit, Plaintiff has sought to cancel the underlying Deed of Trust and Note and enjoin the foreclosure of the property. Since 2007, Defendant has held the beneficial interest under the Deed of Trust, and Defendant has thus been the real party in interest in each of Plaintiff's suits. Each of the named defendants is certainly the "virtual representative" of the others. *See Nordhorn*, 9 F.3d at 1405. Plaintiff cannot avoid claim preclusion simply by slightly varying the name of the named defendant in each case.

## **CONCLUSION**

Because Plaintiff has already litigated these same claims and received final judgments on their merits, Defendant's Motion to Dismiss is GRANTED without leave to amend.

:  0

Initials of Preparer   lmb